UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WILLIAM ROBERT SHAW,

        Plaintiff,

v.                                                       Case No. 20-C-1544

CITY OF MILWAUKEE, et al.,

        Defendants.

---

## DECISION AND ORDER

---

Plaintiff William Robert Shaw is representing himself in this 42 U.S.C. §1983 action. Discovery closes March 21, 2022, and dispositive motions are due April 20, 2022. On February 2, 2022, Shaw filed a motion to compel. Dkt. No. 49. According to Shaw, he served discovery requests on various Defendants on December 3, 2021. Dkt. No. 50. Shaw asserts that, consistent with Civil L. R. 37, he made attempts to confer with Defendants on January 5, January 11, January 18, and January 23, 2022. He asked Defendants to update him on the status of their responses and to inform him when he should expect to receive their responses. According to Shaw, Defendants did not respond to his letters.

The Court will deny Shaw's motion as premature. Per the Court's scheduling order, parties must serve their answers and any objections to discovery requests "within sixty days after being served with the discovery requests." Dkt. No. 22 at 1. The Court clarified in a footnote that it "has extended the parties' time to respond to discovery requests from thirty days to sixty days." *Id.* at 1, n. 1. Accordingly, Defendants' responses to discovery requests served on December 3, 2021, were due February 1, 2022. Shaw's motion to compel is thus premature because he attempted to confer with Defendants' counsel about responses that were not yet due. The Court

will therefore deny Shaw's motion to allow him to confer with Defendants' counsel about any outstanding responses.

The Court reminds the parties to work with one another in good faith during discovery to avoid unnecessary motion practice and delays. Shaw asserts that he wrote counsel four letters in an attempt to confer, but he sent his letters over the course of two and a half weeks. It is questionable whether counsel even received Shaw's letters let alone had the opportunity to respond to them before Shaw filed his motion. The requirement to confer is not merely a procedural obstacle to filing a motion; it serves the important function of saving the parties and the Court valuable time and resources by allowing the parties to work out their differences without the Court's involvement. Mailing a letter without affording counsel a reasonable opportunity to respond is not a good faith effort to confer. Further, Defendants should be responsive to Shaw's inquiries. A simple response informing him that Defendants' responses were not yet due would have saved everyone the hassle of unnecessary motion practice.

Defendants are on notice that the deadline for them to respond to Shaw's discovery requests has now passed. If they have not yet responded, the Court encourages Defendants' counsel to contact Shaw without delay to discuss his concerns. It is not uncommon for a party to require additional time to respond to lengthy requests, but the parties must inform one another of their needs. The parties should be flexible in agreeing to reasonable extensions. If the parties are unable to reach an agreement after making a genuine good faith effort, Shaw may renew his motion.

**IT IS THEREFORE ORDERED** that Shaw's motion to compel (Dkt. No. 49) is **DENIED** without prejudice.

Dated at Green Bay, Wisconsin this 4th day of February, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge