UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WILLIAM ROBERT SHAW,

    Plaintiff,

    v.                                         Case No. 20-C-1544

CITY OF MILWAUKEE, et al.,

    Defendants.

---

## ORDER

---

Plaintiff William Robert Shaw is representing himself in this 42 U.S.C. §1983 action. The Court allowed Plaintiff to proceed with claims that defendants Angela Gonzalez and Randy Piontkowski violated his Fourth Amendment rights when they stopped and frisked him, arrested him for homicide, and searched his vehicle on November 16, 2016; that defendants Patrick Elm and Thomas Wroblewski saw the incident and failed to intervene; and that defendants City of Milwaukee, Edward Flynn, and/or the Fire and Police Commission have a custom or policy of conducting "stop-and-frisks" based on race and the defendants used this policy during the November 16 incident. *See* Dkt. No. 10 at 4-7; *see also* Dkt. No. 32 at 1-2. Discovery closes July 19, 2022; and dispositive motions are due August 18, 2022. Dkt. No. 58.

This matter is before the Court on several pending motions: (1) Plaintiff's motion to compel discovery and/or motion for default judgment and motion for hearing; (2) Plaintiff's motion for default judgment and/or renewed motion to compel discovery; (3) Plaintiff's second motion for this matter to be certified as a part of a class action; and (4) Plaintiff's motion for recusal. *See* Dkt. Nos. 52, 60, 63, & 64.

In Plaintiff's motions to compel and/or default judgment and hearing, Plaintiff states that Defendants failed to respond to his multiple sets of interrogatories and requests to admit. *See* Dkt. Nos. 52 & 60. Defendants filed a response conceding that they failed to respond due to an error in the City Attorney's office. Dkt. No. 66. Defendants indicate that they will be able to provide responses provided the Court give them 30 additional days. *Id*. at 2. The Court will therefore grant the motion to compel and will order Defendants to respond to Plaintiff's outstanding discovery requests, assuming he has not exceeded the number allowed under Fed. R. Civ. P. 33(a)(1), within 30 days of the order. The Court will deny as unnecessary the motions for default judgment and motion for a hearing. While striking a defendant's answer and entering a default judgment against him is a sanction a court can order for violating an order to provide or permit discovery, Fed. R. Civ. P. 37(b)(2), there is no showing that the defendants in this case violated an order of the Court. Failure to respond to a party's discovery request is not, by itself, a violation of a court order. Moreover, striking a defendant's answer and entering a default judgment is a drastic remedy that should only be used when less drastic remedies are ineffective. This is especially true in cases where the requested default judgment would harm an individual defendant who does not bear personal responsibility for the violation. Yet, the Court recognizes the need to hold counsel accountable for failing to fulfill basic responsibilities to the court and the other parties. Counsel should take whatever steps are necessary to avoid the error or errors that led to counsel's failure to file a timely response to Plaintiff's discovery request. At the same time, the Court will ensure that Plaintiff suffers no prejudice by adjusting deadlines, if necessary, to accommodate the late response. In any event, Plaintiff is not entitled to the drastic sanction he seeks.

In Plaintiff's second motion for this matter to be certified as a part of a class action, Plaintiff redirects the Court to his original complaint and again asks the Court to "certify" this case because

a similar case, *Collins v. City of Milwaukee*, Case No. 17-cv-234-jps, was also certified in this district. *See* Dkt. Nos. 9 & 63. The Court will deny the second motion for the same reasons it denied the first motion. *See* Dkt. No. 10 at 2. Under Federal Rule of Civil Procedure 23(a)(4), Plaintiff must be an adequate representative for his proposed class. Federal courts have repeatedly held that *pro se* prisoners are inadequate to represent the interests of their fellow inmates in a class action lawsuit. *See, e.g.*, *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that it would be plain error to permit imprisoned pro se litigant to represent his fellow inmates in a class action); *Caputo v. Fauver*, 800 F. Supp. 168, 169–70 (D.N.J. 1992) ("Every court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action."). As explained in the prior order, Plaintiff is not an adequate representative for his proposed class. The case he cited above, which closed in July 2018, had counsel that represented the plaintiffs. Thus, the Court will deny his second motion for this matter to be certified as a class action.

Finally, Plaintiff asks me to recuse myself. Dkt. No. 64. Plaintiff states that the Court "has some sort of financial interests with [] Defendants" because the defendants in this case, as well as the defendants in his other cases (i.e., 19-C-1059, 20-C-365, and 20-C-483) continue to prevail even though they "fail to respond to [] motions." *Id*. I do not have any financial interests with any of the defendants in any of his cases. My interest is in moving the cases forward, and it is often unreasonable or unnecessary to require the defendants to respond to all of Plaintiff's voluminous motions and await the full 21 days for a response to be filed. In this case, it is not unreasonable to direct the defendants to respond before considering whether to grant the relief requested. When a response to a motion is necessary (such as with the motion to compel in this case), I have required

responses. Thus, I will deny the motion for recusal, as I have denied Plaintiff's previous motions seeking my recusal.

**IT IS THEREFORE ORDERED** that Plaintiff's first motion to compel (Dkt. No. 52) is **GRANTED;** and his renewed motion to compel (Dkt. No. 60) is **DENIED as moot**. Defendants shall submit responses to Plaintiff's third set of discovery requests within **30 days** of this order.

**IT IS FURTHER ORDERED** that Plaintiff's motion, and second motion, for default judgment (Dkt. Nos. 52 and 60) are **DENIED** as unnecessary.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a hearing (Dkt. No. 52) is **DENIED** as unnecessary.

**IT IS FURTHER ORDERED** that Plaintiff's second motion for this matter to be certified as a part of a class action (Dkt. No. 63) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for recusal (Dkt. No. 64) is **DENIED**.

Dated at Green Bay, Wisconsin this 26th day of April, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge