WILLIAM ROBERT SHAW,

        Plaintiff,

        v.                               Case No. 20-C-1544

CITY OF MILWAUKEE, et al.,

        Defendants.

## ORDER

Plaintiff William Robert Shaw is representing himself in this 42 U.S.C. §1983 action. The Court allowed him to proceed on claims that defendants Angela Gonzalez and Randy Piontkowski violated his Fourth Amendment rights when they stopped and frisked him, arrested him for homicide, and searched his vehicle on November 16, 2016; that defendants Patrick Elm and Thomas Wroblewski saw the incident and failed to intervene; and that defendants City of Milwaukee, Edward Flynn, and/or the Fire and Police Commission have a custom or policy of conducting "stop-and-frisks" based on race and the defendants used this policy during the November 16 incident. *See* Dkt. No. 10 at 4-7; *see also* Dkt. No. 32 at 1-2. Discovery closes January 31, 2023, and dispositive motions are due March 2, 2023. Dkt. No. 92.

On October 31, 2022, Shaw filed a motion for judicial disqualification. Dkt. No. 93. This is the third time Shaw has asked for a new judge in this case. *See* Dkt. Nos. 18, 64, & 93. Shaw states that the Court is unfairly compromising his civil cases due to racial discrimination. Dkt. No. 93 at 1. With respect to this case, Shaw states that the Court is making him relitigate an issue that was already argued and decided in a different case, *Collins v. City of Milwaukee, et al.*, Case No. 17-C-234 (E.D. Wis.). *Id.* at 3. Shaw states that he has had to conduct the "same and/or similar

discovery" but is limited to obtaining records that are less than 100 pages, otherwise he has to pay a fee. *Id*. The Court also denied his request for a settlement conference. Dkt. No. 94 at 3.

Shaw explains that, in *Shaw v. County of Milwaukee, et al.*, Case No. 22-C-97 (E.D. Wis.), the Court allegedly ordered him to respond to a motion to compel that was premature. *Id*. at 2. Shaw states that when he made the same mistake in a different case, the Court denied his motion. *Id*. And Shaw states that, in *Shaw v. Seel, et al.*, Case No. 20-C-365 (E.D. Wis.), the Court allegedly gave legal advice during a motion hearing on how to litigate against Shaw. *Id*. The Court was also allegedly rude and disrespectful to Shaw during that hearing. *Id*. Shaw asks for a new judge or to change venue to the Milwaukee Division. Dkt. No. 93.

Shaw's accusations of bias and prejudice are baseless. First, each case is different, and Shaw is required to litigate his own case. Contrary to his assertion, *Collins v. City of Milwaukee* has not resolved this case in his favor. That case was settled pursuant to an agreement that instituted reforms that require Milwaukee police to document, supervise, and monitor stops and frisks to ensure they are lawfully conducted. Case No. 2:17-C-234-JPS, Dkt. No. 135. It included no admission or finding of liability on the part of the City and certainly no finding as to Shaw's claims in this case. Further, Shaw must finance his own litigation. There is a Milwaukee City Ordinance that requires fees for documents, *see* Dkt. No. 44, and given Shaw's indigency, the Court has only applied the ordinance to records over 100 pages, *see* Dkt. No. 47. This is a reasonable limitation on Shaw's voluminous records requests. The Court also is not involved in settlement discussions. Shaw must directly contact Defendants to make a settlement offer.

Second, with respect to Case No. 22-C-97, it is common practice to ask parties to respond to a motion when that specific motion needs a response. That a different motion in a different case filed under different circumstances did not require a response does not show bias or prejudice.

2

Third, during the motion hearing in Case No. 20-C-365, the Court ordered Defendants to go back and check whether the videotape evidence Shaw wanted actually existed. Contrary to Shaw's assertion, the Court did not prohibit him from getting evidence he wanted for his *Monell* claim—it assisted him in acquiring the evidence he asked for. Ultimately, the videotape evidence he wanted did not exist, but that does not mean that the Court is "always being in favor to Defendants." *See* Dkt. No. 94 at 1. Shaw also claims that the Court instructed Defendants to conduct a deposition to ask about weather temperatures, *see id*. at 2, but that motion hearing did not involve a discussion of depositions. To the extent Shaw believes the Court was rude and disrespectful, the Court has a duty to control its legal proceedings, and it has the authority to limit arguments to keep the case on track.

Finally, Shaw notes that the Court, during hearings, keeps inquiring about when his underlying criminal cases are going to trial. Dkt. No. 94. He believes this is suspicious because the Court is "keenly interested in the outcome of the matter." *Id*. at 3. But the Court is inquiring about his criminal trial for purposes of scheduling and determining whether he will remain in the Milwaukee County Jail. To the extent this case goes to trial, the Court seeks to avoid conflicts with his underlying criminal trial. The Court will deny the motion for judicial disqualification.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for judicial disqualification (Dkt. No. 93) is **DENIED**.

Dated at Green Bay, Wisconsin this 18th day of November, 2022.

                s/ William C. Griesbach
                William C. Griesbach
                United States District Judge