UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM ROBERT SHAW,

        Plaintiff,

    v.                        Case No. 20-C-1544

RANDY PIONTKOWSKI,

        Defendant.

## ORDER

    Plaintiff William Robert Shaw is incarcerated at the Racine Correctional Institution and representing himself in this 42 U.S.C. §1983 action. Defendants filed a motion for summary judgment on February 27, 2023; and Shaw's response materials were due May 30, 2023. Dkt. Nos. 106 & 115. Shaw failed to timely respond to the motion for summary judgment, so on June 16, 2023, the Court accepted all of Defendants' proposed findings of fact as true and partially granted the motion for summary judgment. Dkt. No. 127. On July 10, 2023, about a month after the Court's decision and six weeks after the original response deadline, Shaw filed a Rule 7(h) motion for extension of time to respond to Defendants' motion for summary judgment and for relief from judgment under Federal Rule of Civil Procedure 60. Dkt. No. 129. About a month later, on August 4, 2023, Shaw filed his summary judgment response materials. Dkt. Nos. 136-38. For the following reasons, Shaw's motion for extension of time and for relief from judgment will be denied.

    Shaw states that he is entitled to an extension of time to respond to Defendants' motion for summary judgment for the following reasons: (1) he did not receive the motion until a few weeks

after its February 27 filing; (2) he was at the Milwaukee County Jail for about two weeks without his legal materials (out of the 60 days he had to respond); (3) he is prosecuting many other lawsuits, including a *pro se* trial in Wisconsin family court; (4) there is on-going "construction" at Racine, so he has limited access to the law library; and (5) he was "vigorously working on responding to Defendants' motion." Dkt. No. 130 at 1-6, 8-9.

To acquire an extension of time *after* a deadline has passed, Shaw must show "excusable neglect" for the untimely request. *See* Fed. R. Civ. P. 6(b)(1)(B); *see also Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020). To find excusable neglect, the Court "should consider all relevant circumstances surrounding the party's neglect, including the prejudice to the non-movant, length of delay, and reason for delay." *Bowman*, 962 F.3d at 998 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Shaw has not established excusable neglect. As explained in the Court's prior orders, Shaw had ample opportunity to file his response materials by the May 30, 2023 deadline. Rather than respond to the motion for summary judgment, Shaw re-filed frivolous motions, including a *third* motion for judicial disqualification and a "renewed" motion to conduct discovery. Had Shaw properly focused his efforts, he would have been able to timely respond to the motion or at least timely request an extension of time to respond to the motion. Shaw's explanation that he is juggling demands in multiple cases does not change the analysis. Because Shaw chose to file multiple lawsuits at the same time, it was his responsibility to coordinate the competing deadlines and use his time effectively.

Defendants would also be prejudiced by any further delays in this case, including consideration of Shaw's untimely summary judgment response materials. This case has been pending for more than two and a half years, and at this point, Defendants are entitled to timely

resolution of the case. Shaw has provided no reasonable explanation for why he did not ask for an extension of time *before* the deadline passed. Even assuming he did not receive the motion until several weeks after it was filed, he was at the jail for only 14 days of the 60-day response period, and he had limited access to the law library. In other words, Shaw could have drafted and filed a short motion for extension of time prior to the response deadline explaining why additional time was warranted. He did not do so and instead waited a month after the Court resolved the motion for summary judgment to seek an extension. Shaw has demonstrated a consistent pattern of failing to timely respond to motions, with the audacious expectation that the Court will simply overlook his disregard of the scheduling order. Shaw has been warned multiple times throughout his various cases that he cannot ignore court orders. At this point, consideration of Shaw's untimely filed summary judgment response materials would only further delay this case and would unfairly prejudice Defendants. Therefore, Shaw has not established excusable neglect, and the Court will deny his motion for extension of time to respond to Defendants' motion for summary judgment.

Shaw also claims that he is entitled to relief from the Court's order because "Defendants have implemented deceptive tactics in bad faith." Dkt. No. 130 at 6. Specifically, he claims that Defendants presented "false and misleading information" when they stated in their motion for summary judgment that Officer Iverson (not a defendant) was the individual who assisted Defendant Randy Piontkowski during the incident. *Id*. Instead, Shaw claims that Defendant Angela Gonzalez was the assisting officer and Shaw's statement saying so creates a dispute of fact. *Id*. at 6-7. Shaw also states that Defendants' statement that his photograph was displayed during a morning police briefing is "fabricated evidence." *Id*. at 7.

Rule 60(b) allows the Court to vacate a judgment or order for several reasons including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud,

3

misrepresentation, or misconduct. *See* Fed. R. Civ. P. 60(b)(1)-(3). Rule 60(b)(3) specifically governs allegations of fraud, misrepresentation, or misconduct. *Wickens v. Shell Oil Co.*, 620 F.3d 747, 758-59 (7th Cir. 2010). To obtain relief under Rule 60(b)(3), a party must show that he has a meritorious claim that he was prevented from "fully and fairly presenting" as a result of the adverse party's fraud, misrepresentation, or misconduct. *Id*. (quoting *Ty Inc. v. Softbelly's Inc.,* 353 F.3d 528, 536 (7th Cir. 2003). Fraud, misrepresentation, or misconduct is actionable only if it prejudices the adverse party. *Id*. The party seeking relief must establish this by "clear and convincing" evidence. *Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995).

Shaw has neither established "prejudice" nor established fraud, misrepresentation, or misconduct by "clear and convincing" evidence. With respect to his allegations against Gonzalez, the Court assumed that she was present during the incident because she was Piontkowski's partner. *See* Dkt. No. 127 at 10. The Court nevertheless dismissed her from the case because she was entitled to rely on her partner's representation that Shaw was a murder suspect from a police briefing earlier that morning, and there was no other evidence on the record showing that she knew the information relayed to her was false. *Id*. The Court assumed that there would be a dispute of fact regarding Gonzalez' presence during the incident, drew all reasonable inferences regarding that disputed fact in Shaw's favor, and concluded as a matter of law that the disputed fact was insufficient for a jury to find in Shaw's favor. Shaw was not "prejudiced" by his alleged inability to create a dispute of fact regarding Gonzalez. Further, Shaw's assertion that his photograph was <u>not</u> displayed during the morning police briefing is not based on any credible fact in the record. He has no way of personally knowing which photographs were displayed during the morning briefing, and his speculation that his photo was not shown is not enough to establish fraud, misrepresentation, or misconduct by "clear and convincing" evidence. Therefore, Shaw is not

4

entitled to relief from the Court's order partially granting Defendants' motion for summary judgment.

**IT IS THEREFORE ORDERED** that Plaintiff's Rule 7(h) motion for extension of time to respond to Defendants' motion for summary judgment and for relief from judgment (Dkt. No. 129) is **DENIED**.

The Clerk is directed to set the matter for a telephone conference to discuss further scheduling.

Dated at Green Bay, Wisconsin this 30th day of August, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
