CLERK USDC EDWI
FILED

2023 DEC 21 P 3:35

Private Civilian National of the United States of
America, de jure.
non-assumpsit/All Rights Reserved

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

William Robert Shaw
  Plaintiff,

v

City of Milwaukee, et, al., District Court no. 20-CV-1544
  Defendants.

### PLAINTIFF WILLIAM ROBERT SHAW'S PRETRIAL REPORT

COMES NOW Plaintiff William Robert Shaw, sui juris., pursuant to all the
provisions of Fed. R. Civ. P. 16 and Civ. L. R.16., HEREBY provides this Pretrial
Report.

  A. Short Summary of the Facts, Claims and Defenses

  This is a Civil Rights case brought under 42 U.S.C. 1983 for a multitude of
constitutional violations committed by the Defendants. Defendant Angela Gonzalez
and Randy Piontkowski violated Shaw's Fourth Amendment rights on November
16 2016 by (1) illegally stopping and frisk searching him; (2) falsely arresting him;
and (3) falsely imprisoned him for approximately an hour in half. Defendants

Pg 1

Patrick Elm and Thomas Wroblewski stood by refusing to intervene into the misconduct of their counterparts Gonzalez and Piontkowski. Defendants City of Milwaukee, Fire & Police Commission and Edward Flynn as the supervising body had known members of the Milwaukee Police Department were conducting unjustified illicit stop and frisk-searches, exclusively targeting civilians of African and Latino descent but had turned a blind eye to the misconduct at least since 2008. Shaw, who is of African descent a dark complected adult male, having being completely innocent of any wrong-doing minding his own business with his family while on the way to take three small little girls to school at approximately 9:30 am in the morning, Defendants made a conscientious decision to target Shaw and subject him to an illicit, stop, two (2) frisk searches, false arrest and imprisonment that was akin to kidnapping. Embarrassing Shaw and his family making a huge spectacle in front of Shaw's neighbors and other members of the community, aggressively handling Shaw's person while forcing him into their vehicle and arresting him without cause. Then after illicitly seizing Shaw's personal/private property and his person Defendants had driven around the vicinity of Shaw's place of residence, desperately seeking to transform the kidnapping into a legitimate cause of action by means of conjuring up probable cause. Defendant's Gonzalez and Piontkowski had even re-joined Defendants Patrick Elm, Thomas Wroblewski, and other officers informing them of Shaw's detainment who all then decided to make a last ditch effort was to search Mrs. Scales car rental vehicle (without anyone's consent) in hopes of finding contraband while still falsely imprisoning Shaw, all to no avail, in that Defendants Gonzalez and Piontkowski grudgingly released Shaw after

Pg 2

approximately an hour and a half after the initial seizure occurred.

B. Statement of Issues

The issues for a jury to determine in this matter are:

(1). Because Defendant Randy Piontkowski illegally stopped and frisked searched Plaintiff William Robert Shaw without probable cause what would be a reasonable compensatory amount to compensate Plaintiff for said Fourth Amendment violation.

(2). Because Defendant Randy Piontkowski illegally stopped and frisked searched Plaintiff William Robert Shaw without probable cause or even reasonable be justification what would be a reasonable amount of punitive damages to compensate Plaintiff for said Fourth Amendment violation.

(3). Because Defendant Randy Piontkowski falsely arrested Plaintiff Wiliam Robert Shaw without probable cause on November 16th 2016 without probable cause or reasonable justification what would be a reasonable compensatory amount probable cause or reasonable justification to compensate Plaintiff for said Fourth Amendment violation.

(4). Because Defendant Randy Piontkowski falsely arrested Plaintiff William Robert Shaw on November 16th 2016 without probable cause or reasonable justification what would be a reasonable amount of punitive damages to compensate Plaintiff for said Fourth Amendment violation.

(5). Because Defendant Randy Piontkowski falsely imprisoned Plaintiff William Robert Shaw in the back of his police vehicle for approximately an hour in a half against Mr. Shaw's will without his consent and without probable cause or reasonable justification what would be a reasonable compensatory amount

Pg 3

probable cause or reasonable justification to compensate Plaintiff for said Fourth Amendment violation.

(6). Because Defendant Randy Piontkowski falsely imprisoned Plaintiff William Robert Shaw in the back of his police vehicle for approximately an hour in a half against Mr. Shaw's will without his consent and without probable cause or reasonable justification what would be a reasonable amount of punitive damages to compensate Plaintiff for said Fourth Amendment violation.

C. Plaintiff William Robert Shaw's Witnesses Expected to Testify

(1). Randy Piontkowski, Defendant; be contacted through his counsel

(2). Angela M. Gonzalez, Previous Defendant; be contacted through the Milwaukee Police Department

(3). Patrick Elm, Previous Defendant; be contacted through the Milwaukee Police Department

(4). Thomas Wroblewski, Previous Defendant; be contacted through the Milwaukee Police Department

(5). Claud Osburn Jr., Witness; be contacted through the Milwaukee Police Department

(6). Keith Dodd, Witness; be contacted through the Milwaukee Police Department

(7). Scott Iverson, Witness; be contacted through the Milwaukee Police Department

(8). Steven S. Johnson, Witness; be contacted through the Milwaukee Police Department

(9). Megan Horne, Witness; be contacted through the Milwaukee Police Department

(10). Timothy Lemke, Witness; be contacted through the Milwaukee Police Department

(11). Cheryl Patane, Witness; be contacted through the Fire & Police Commission

(12). Matt Pekarske, Witness; be contacted through Hertz Car Rental Agency

(13). Naomi Gehling, Witness; be contacted through the Fire & Police Commission

Pg 4

**(14). Douglas J. Wiorek, Witness be contacted through the Milwaukee Police Department**

 **E. List of Exhibits to be offered at trial.**

**(1). Milwaukee Police Departments oath of office**

**(2). CAD detailed history police call (#163210714)**

**(3). Milwaukee Police Department Investigative Alert reflecting that it's not a basis for arrest, regarding Shaw (IA#16-0940)**

**(4) Photo copy of blank Milwaukee Police Department's Suspect Alert Report document**

**(5). Angela M. Gonzalez Acknowledgment Compliance Report.**

**(6). Angela M. Gonzalez Milwaukee Police Department's Information Record**

**(7). Randy M. Piontkowski  Milwaukee Police Department's Information Record**

**(8). Milwaukee Police Department's Definitions and Information regarding Suspect & Investigative Alerts**

(9). Milwaukee Police Department Incident Report regarding the entering of the investigative alert requesting the shooting victim/witness (Shaw) to view photos of his assailant, dated July 8 2016 (#161350074)

(10). Milwaukee Police Department's Standard Operating Procedure 150- Court Procedures issued April 17 2016 regarding suspect and investigative alerts

(11). Patrick C. Elm Jr's Acknowledgment Compliance Report

(12). Photo Copy of Proposed Settlement in Charles Collins, et al. v. City of Milwaukee, et al Case No. 17-CV-0234-JPS dated April 27 2018

(13). Patrick C. Elm Jr's Milwaukee Police Department Information Record

(14). RMS of CAD Report Police Call dated November 16 2016

(15). Milwaukee Police Department's Standard Operating Procedure 300- Citizen Contacts , Field Interviews, Searches and Seizure issued November 11 2016 (FPC SHA W000024-47)

(16). Randy Piontkowski's Responses to First Set of Request for Admissions

(17). Randy Piontkowski's Responses to Second Set of Request for Admissions

(18). Randy Piontkowski's Responses to Third Set of Request for Admissions

(19). Randy Piontkowski's Responses to Second Set of Interrogatories

(20). Randy Piontkowski's Responses to Third Set of Interrogatories

(21). Thomas Wroblewski's Responses to First Set of Request for Admissions

(22). Thomas Wroblewski's Responses to Second Set of Request for Admissions

(23). Thomas Wroblewski's Responses to First Set of Interrogatories

(24). Thomas Wroblewski's Responses to Second Set of Interrogatories

(25). Patrick C. Elm Jr's Responses to First Set of Request for Admissions

(26). Patrick C. Elm Jr's Responses to Second Set of Request for Admissions

(27). Patrick C. Elm Jr's Responses to First Set of Interrogatories

(28). Patrick C. Elm Jr's Responses to Second Set of Interrogatories

(29). Patrick C. Elm Jr's Responses to Third Set of Interrogatories

(30). Angela M. Gonzalez Responses to First Set of Request for Admissions

(31). Angela M. Gonzalez Responses to Second Set of Request for Admissions

(32). Angela M. Gonzalez Responses to First Set of Interrogatories

(33). Angela M. Gonzalez Responses to Second Set of Interrogatories

(34). Angela M. Gonzalez Amended Responses to First Set of Request for Admissions

(35). Angela M. Gonzalez Amended Responses to First Set of Interrogatories

(36). Angela M. Gonzalez Affidavit

**(37). Fire & Police Commission First Set of Interrogatories**

Plaintiff William Robert Shaw, sui juris., reserves the right to add additional

exhibits as necessary on redirect, on cross examination on rebuttal and for any other

Pg6

legitimate reasons as appropriate in this action.

**F. Designation of Depositions or Portions of Transcripts**

Shaw reserves the right to read portions of and or the full reponses of Defendants discovery responses of Interrogatories and or admissions made under (as listed above) penalty of perjury provided to him as accurate true and correct answers of factual matters and events deriving from November 16th 2016.

**G. Estimated Time Needed to Try the Case**

Seven (7) to (10) Ten days

**H. (i) Proposed Voir Dire Questions**

Because Plaintiff William Robert Shaw, sui juris., is representing himself pro persona` he needs additional time to attempt to compose such questions and has never done so before and will attempt to provide them at a later date prior to trial.

**(ii) Proposed Jury Instructions on Substantive Issues**

Plaintiff William Robert Shaw, sui juris., proposes the following Honorable Seventh Circuit pattern civil jury:

**1.01 General: Functions of the Court and Jury**

**1.04 Evidence**

**1.06 What is Not Evidence**

**1.07 Note-Taking**

**1.08 Consideration of All Evidence Regardless of Who Produced**

**1.09 Limited Purpose of Evidence (if needed)**

**1.11 Weighing the Evidence**

**1.12 Definition of "Direct" and "Circumstantial" Evidence**

**1.13 Testimony of Witness: Deciding who to Believe**

**1.14 Prior Inconsistent Statements (if needed)**

**1.17 Number of Witnesses**

**1.18 Absence of Evidence**

**1.19 Adverse Inference from Missing Witness (if needed)**

**1.24 Demonstrative Evidence (if needed)**
**1.27 Burden of Proof**

**1.32 Selection of Presiding Juror; General Verdict**

**1.33 Communication with Court**

**1.34 Disagreement Among Jurors**

**2.05 Stipulations of Fact (if needed)**

**2.09 Use of Interrogatories (if needed)**

  **(iii) Proposed Verdict Form**

**Because Plaintiff William Robert Shaw, sui juris., is representing himself pro**

**persona` and has never created a proposed jury verdict form before he will attempt**

**to draft one and provide it to the Court at a later date prior to the trial date.**

_____

**Shaw,:William-Robert:,sui juris.**
**Authorized Representative**
**Private Civilian National of the United States of**
**America, de jure.**

non-assumpsit /All Rights Reserved